



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

April 13, 1939

Hon. Louis T. Holland
County Attorney
Montague County
Montague, Texas

Dear Sir:

Opinion No. O-696
Re: Does Article 1052 or Article 1074, C.
C. P., govern trial fees due a county
judge and a justice of the peace?

Your request for an opinion on the above stated question
has been received by this office.

We quote from your letter as follows:

"There appears to be a conflict in Articles 1052
and 1074 CCP concerning amount of trial fee due a
County Judge and Justice of the Peace. Please advise
which is the proper Article to follow."

Article 1052, Code of Criminal Procedure, reads as fol-
lows:

"Three Dollars shall be paid by the county to the
County Judge, or Judge of the Court at Law, and Two
Dollars and fifty cents shall be paid by the county
to the Justice of the Peace, for each criminal action
tried and finally disposed of before him. Provided,
however, that in all counties having a population of
20,000 or less, the Justice of the Peace shall receive
a trial fee of Three Dollars. Such Judge or Justice
shall present to the Commissioners' Court of his county
at a regular term thereof, a written account specifying
each criminal action in which he claims such fee, cer-
tified by such Judge or Justice to be correct, and filed

Hon. Louis T. Holland, April 15, 1939, Page 2

with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 1074, Code of Criminal Procedure provides that:

"In each case of conviction in a county Court, or a County Court at Law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars."

Article 1052, Code of Criminal Procedure, supra, is a statute establishing and setting the fee for the county judge, or judge of the court at law in criminal cases, and with such fee to be paid him at $3.00 for each case tried and finally disposed of before him, this statute also provides the fee for the justice of the peace in criminal cases and sets such fee at $2.50 in counties of more than 20,000 population and at $3.00 in counties of less than 20,000 population for each case tried and finally disposed of before such justice of the peace.

Article 1074, Code of Criminal Procedure, above quoted, deals not with the question of fees to be paid to the county judge, or the judge of the court at law, of the justice of the peace, but rather with the matter of costs to be charged and assessed against the defendant convicted in a criminal action. It provides that the trial fee in the county court or a county court at law shall be $5.00, and the trial fee in the justice court shall



be $4.00.  And that "the same to be collected and paid over in the same manner as in the case of a jury fee."  This means that such fee of $4.00 shall be paid over to the county treasurer and out of such sum the justice of the peace shall receive the sum of $3.00 in counties of less than 20,000 population and the sum of $2.50 in counties of more than 20,000 population, as provided by Article 1052, C. C. P.  In like manner the $5.00 fee shall be paid over to the county treasurer and out of such sum the county judge or the judge of the court at law shall receive the sum of $3.00 as provided in Article 1052, C. C. P.

On February 23, 1939, this Department held in a letter opinion No. 0-356, written by Mr. Lloyd Armstrong, Assistant Attorney General, to Hon. Lee C. Buckley, County Attorney, Zapata County, Texas, that there is no conflict between Article 1052 and Article 1074, Code of Criminal Procedure.

You are respectfully advised that it is the opinion of this Department that there is no conflict between Article 1052 and Article 1074, Code of Criminal Procedure and that Article 1052, Code of Criminal Procedure sets the fee due a county judge, or a judge of the county court at law, and justice of the peace in criminal cases tried and finally disposed of before them.

You are further advised that Article 1074, Code of Criminal Procedure does not deal with the question of fees to be paid to the county judge, or a judge of the county court at law, and the justice of the peace, but rather of costs to be charged and assessed against the defendant convicted in a criminal action.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS